of the bark, cargo, and freight, less $3,500, deducted by reason of the failure to proceed when *off Absecom.* Let a reference be had to ascertain the value of the bark, cargo, and freight, and the question of apportioning the salvage among the salvors await the coming in of the report.

The amount of the salvage having been fixed at $8,954.06, the court, in appropriating it, rendered the following opinion:

BENEDICT, District Judge. In disposing of the question of apportionment, I think it necessary only to say that in fixing the amount to be awarded to the owners of the salving ship. I have considered them entitled to a liberal share, from the circumstance that the hazard to their vessel was increased by the injury which the master sustained in effecting the salvage, substantially disabling him, and leaving their vessel under the command of a mate.

To the master I have also awarded a liberal portion from the fact that he had a leg and two fingers broken in effecting the salvage, which confined him to the hospital for a considerable period, and from which he has not yet entirely recovered.

The chief-mate was by reason of the injury to the master compelled to assume an increased responsibility, which he is entitled to have considered in determining his portion; but I award him less than I should have otherwise done, because of his mistake in directing the distressed vessel to anchor in a dangerous place, instead of proceeding with her at once into port—which mistake entailed a considerable expense, and would not, in my opinion, have occurred, had the mate been more solicitous for the safety of the distressed vessel.

The salvage will be accordingly apportioned as follows: Out of the gross salvage, let the costs be paid, and to the owners of the salving vessel the sum shown to have been expended by them, or necessarily disbursed by reason of the salvage service—to wit, the sum of $1,597.97. Let the net salvage remaining be divided equally, and one-half, to wit, the sum of $3,604.25, be paid to the owners as their portion of the salvage. Let one-half the remainder, to wit, the sum of $1,802.12, be paid to the master of the salving vessel. Out of the balance remaining, let the mate and second mate have an equal portion, to wit, $375 each. And let the remainder, to wit, $1,052, be divided equally among the seamen of the salving vessel.

## Case No. 7,347.

### The JOHN GRIFFIN.

Circuit Court, E. D. New York. 1871.

## Case No. 7,348.

### The JOHN GRIFFIN.

[4 Ben. 19; 11 Int. Rev. Rec. 63.] [1]

District Court, E. D. New York. Feb., 1870. [2]

B. F. Tracy, U. S. Dist. Atty., for the United States.

F. B. Wilcox, C. Donohue, and J. McGowan, for claimants.

BENEDICT, District Judge. This is a proceeding in rem to enforce the forfeiture of the bark John Griffin for a violation of the 50th section of the act of March 2, 1799. The charge against the vessel is, that in the month of October, 1869, a quantity of cigars of the value of about $5,000, brought in her from a foreign port, were unladen and delivered from her at the port of New York, without a permit from the collector and naval officer, contrary to law.

In support of this charge, one John Albreu, who owned the cigars alleged to have been smuggled, is produced as a witness, and testifies, that in September, 1868, he was in Havana and in Matanzas, at which last named port the bark. John Griffin, was then loading for New York, under the command of William Downey whom he well knew. That he met Downey in Havana and applied to him to smuggle some cigars into New York for him, but no arrangement was then made. That Downey afterwards left Havana and

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission. 11 Int. Rev. Rec. 63. contains only a partial report.]

[2] [Reversed by the circuit court; case not reported. Decree of the circuit court reversed in 15 Wall. (82 U. S.) 29.]